**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2009

Charles R. Fulbruge III
Clerk

No. 09-50105
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO HERNANDEZ-ARRIETA, also known as Lorenzo Hernandez-Olivas,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3090-ALL

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lorenzo Hernandez-Arrieta (Hernandez) pleaded guilty to illegally reentering the United States after deportation. He was sentenced to a 41-month term of imprisonment, at the bottom of the advisory range provided by the Sentencing Guidelines. Hernandez argues that his sentence is unreasonable because the Guidelines overstated the seriousness of his offense, which was an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

international trespass, and failed to take into account the mitigating nature of his motive for returning to the United States.

Hernandez acknowledges that two additional arguments that he raises are foreclosed. He argues that the appellate presumption of reasonableness would be improper because U.S.S.G. § 2L1.2 lacked an empirical foundation, and that the guidelines range reflected an unwarranted disparity between defendants who can participate in a fast-track program and defendants who cannot. Indeed, we have previously rejected such claims. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099); *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Generally, we review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). Although Hernandez requested a downward departure, he did not specifically object to the sentence imposed. Absent an objection, our review is for plain error only. *Cf. Mondragon-Santiago*, 564 F.3d at 361. Given that Hernandez is unable to show either abuse of discretion or plain error, it is unnecessary to decide which standard of review applies.

The district court considered and rejected Hernandez's arguments for a below guidelines sentence. The district court stated that in determining Hernandez's sentence it had treated the Guidelines as advisory and had considered the Guidelines and the 18 U.S.C. § 3553(a) factors, and it noted that Hernandez's criminal history was not limited to the 1992 assault conviction but also included several DWI convictions, some of which were quite recent. Thus, the record demonstrates that the district court considered the § 3553(a) factors, including the specific concerns that Hernandez now raises, to determine that a sentence at the bottom of the guideline range was sufficient but not greater than necessary to achieve the goals of § 3553(a). *Id.* at 55-58. Because it is within the guidelines range, Hernandez's sentence is entitled to a presumption of

reasonableness, *see Mondragon-Santiago,* 564 F.3d at 361; *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008), and Hernandez has shown no good reason for us to disturb it. *See Gall*, 128 S. Ct. at 597 (stating that "the fact that the appellate court might reasonably [conclude] that a different sentence [is] appropriate is insufficient to justify reversal of the district court"); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (rejecting contentions that the defendant had committed what was "'at bottom'" merely "an international trespass" and that his within-guidelines sentence was too severe for the crime and thus unreasonable).

AFFIRMED.